1  GUILLERMO MARRERO (Bar No. 099056)
   JOSHUA J. RICHMAN (Bar No. 243147)
2  **INTERNATIONAL PRACTICE GROUP**
   A Professional Corporation
3  1350 Columbia Street, Suite 500
   San Diego, California  92101
4  Tel (619) 515-1480
   Fax (619) 515-1481
5  gmarrero@ipglaw.com
   jrichman@ipglaw.com
6
   Attorneys for Plaintiffs
7

8

9                 UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  SINDICATO DE EMPLEADOS Y              Case No.
    TRABAJADORES DE LA INDUSTRIA,
13  EL CAMPO Y EL COMERCIO DEL
    ESTADO 29 C.R.O.M., a Mexican labor   **DECLARATION OF FRANCISCO ELORZA –**
14  union, and  SINDICATO NUEVA           **REPRESENTATIVE OF RESINAS LAGUNA,**
    GENERACION DE TRABAJADORES            **S.A. DE C.V.**
15  DE BAJA CALIFORNIA C.R.O.C., a
    Mexican labor union;
16
                Plaintiffs,
17
          v.
18
    CREDIT MANAGERS ASSOCIATION
19  OF CALIFORNIA, INC., dba CMA
    BUSINESS CREDIT SERVICES, a
20  California non-profit corporation,

21              Defendant.

22

23      I, Francisco Elorza, declare:

24      1.      I am over 18 years of age.  I speak fluent English.  I have personal knowledge of

25  all facts stated in this declaration and if called to testify, I could and would testify competently

26  and truthfully to them in a United States court of law.

27      2.      I am one of the two shareholders in Resinas Laguna, S.A. de C.V. ("Resinas

28  Laguna") and have the authority to sign this declaration on behalf of the company.  The only

-1-

1   other shareholder of Resinas Laguna is a Mexican company known as Alissimo, S.A. de C.V.

2   ("Alissimo").

3       3.   Resinas Laguna is a Mexican corporation that was incorporated on June 23, 2004,

4   under the laws of the State of Baja California, United States of Mexico.  It is in the business of

5   manufacturing polyurethane resins for the construction industry in Mexico and sells its products

6   primarily in the United States.

7       4.   Resinas Laguna has approximately 19 employees that work in its facilities located

8   in Baja California, Mexico.  The employees are affiliated with a Mexican labor union called

9   SINDICATO NUEVA GENERACION DE TRABAJADORES DE BAJA CALIFORNIA

10  C.R.O.C.

11      5.   In times past, two of Resinas Laguna's major customers were United States

12  companies called FlexTrim California, Inc. and FlexTrim North Carolina, Inc (together

13  "FlexTrim").  Resinas Laguna sold and delivered the majority of its manufactured product to

14  FlexTrim warehouses in California and North Carolina.

15      6.   The year 2007 was a very bad year for the business of Resinas Laguna.  Because

16  of a major downturn in the construction industry in the United States, demand for our products

17  took a sharp decline.  Also, our major client FlexTrim became insolvent and unable to pay us for

18  products that we had already manufactured, sold and delivered to them.  As a result, we built up a

19  large account receivable for FlexTrim that still remains unpaid today.  In total, FlexTrim

20  California, Inc. owes Resinas Laguna $217,490.53 and FlexTrim North Carolina, Inc. owes

21  $385,221.21.

22      7.   Because of its insolvency, I understand that FlexTrim assigned its assets to a

23  company called CMA Business Credit Services ("CMA") who in turn liquidated FlexTrim's

24  assets to pay off creditors.  I also understand that CMA now holds a substantial amount of cash

25  for the benefit of FlexTrim creditors.

26      8.   Around the middle of 2007, I received written notice from CMA stating that

27  Resinas Laguna was entitled to file a proof of claim, formally establish itself as a priority creditor

28  of FlexTrim and permit it to receive payment for the large account receivable balance owed.  On

-2-

INTERNATIONAL
PRACTICE GROUP

DECLARATION OF FRANCISCO ELORZA – REPRESENTATIVE OF RESINAS LAGUNA, S.A. DE C.V.

1 July 6, 2007, I submitted two proof of claims to CMA on behalf of Resinas Laguna: one to

2 FlexTrim California, Inc., in the amount of $217,490.53 and the other to FlexTrim North

3 Carolina, Inc., in the amount of $385,221.21. To this date, Resinas Laguna has not received

4 payment for the above amounts. Attached hereto as Exhibits A and B respectively are true and

5 correct copies of the proof of claim forms that I submitted to CMA.

6      9.      Because of the downturn in business in 2007 and because of the insolvency of our

7 major client FlexTrim, Resinas Laguna has itself become insolvent and cannot pay large sums of

8 money that are owed to its employees. Nueva Generacion, the labor union the represents the

9 interests of the Resinas Laguna employees, has contacted Resinas Laguna about the unpaid wages

10 but the company does not have cash or assets in Mexico to pay the wages. As of December,

11 2007, Resinas Laguna owes its employees approximately $209,420.00 in back wages and

12 benefits.

13      10.     Around December 13, 2007, I received notice that the NUEVA GENERACION

14 labor union filed a petition in a Mexican court in Tijuana claiming unpaid wages. That same day

15 I received notice that the Mexican court issued an order freezing all the assets of Resinas Laguna

16 and giving the employees a priority interest to the payment of back wages.

17      11.     The only major asset of Resinas Laguna that remains today and the only major

18 asset that can satisfy the claims of the Resinas Laguna employees is the large receivable balance

19 owed by FlexTrim.

20      12.     In or around June 2007, I became aware of a divorce proceeding taking place in

21 the San Bernardino Superior Court between Allen Jones and Mary Kay Jones, the owners of

22 FlexTrim.

23      13.     On or after May 22, 2007, I learned that the San Bernardino Superior Court issued

24 an order joining Resinas Laguna in the divorce proceeding and appointing a man by the name of

25 Dennis M. Murphy as a temporary receiver with full power over Resinas Laguna and other

26 entities that may be affiliated with Resinas Laguna. It is my understanding that the San

27 Bernardino Superior Court found that either Allen or Mary Kay Jones or both owned an interest

28 in Resinas Laguna.

-3-

INTERNATIONAL
PRACTICE GROUP

DECLARATION OF FRANCISCO ELORZA – REPRESENTATIVE OF RESINAS LAGUNA, S.A. DE C.V.

14.    Neither Allen Jones nor Mary Kay Jones was ever a shareholder of Resinas Laguna. The ownership has never changed since the Articles of Incorporation and Bylaws were made on in July of 2004.

15.    Prior to the San Bernardino Superior Court's order freezing the assets of Resinas Laguna, neither I nor Resinas Laguna ever received any notice of any kind that its assets were implicated in the divorce case. Likewise, neither I nor Resinas Laguna ever received any prior notification that a receiver had been appointed to take possession and control of our assets. In fact, the very first time that I learned of the order freezing our assets was when I received a written notification from our bank that our account had been frozen and control given to a receiver. Sometime after that, the receiver arrived and took possession and control of at our U.S. warehouse located in San Ysidro, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of December, 2007 at Tijuana, Baja California, United States of Mexico.


FRANCISCO ELORZA

-4-

DECLARATION OF FRANCISCO ELORZA – REPRESENTATIVE OF RESINAS LAGUNA, S.A. DE C.V.

INTERNATIONAL PRACTICE GROUP