GUILLERMO MARRERO (Bar No. 099056)
JOSHUA J. RICHMAN (Bar No. 243147)
**INTERNATIONAL PRACTICE GROUP**
A Professional Corporation
1350 Columbia Street, Suite 500
San Diego, California 92101
Tel (619) 515-1480
Fax (619) 515-1481
gmarrero@ipglaw.com
jrichman@ipglaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINDICATO DE EMPLEADOS Y TRABAJADORES DE LA INDUSTRIA, EL CAMPO Y EL COMERCIO DEL ESTADO 29 C.R.O.M., a Mexican labor union, and SINDICATO NUEVA GENERACION DE TRABAJADORES DE BAJA CALIFORNIA C.R.O.C., a Mexican labor union;<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, INC., dba CMA BUSINESS CREDIT SERVICES, a California non-profit corporation,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF JOSE CORRAL – REPRESENTATIVE OF ALISSIMO, S.A. DE C.V.** |

I, Jose Corral, declare:

1. I am over 18 years of age. I speak fluent English. I have personal knowledge of all facts stated in this declaration and if called to testify, I could and would testify competently and truthfully to them in a United States court of law.

2. I am one of the two shareholders in Alissimo, S.A. de C.V. ("Alissimo") and have the authority to sign this declaration on behalf of the company. The only other shareholder of

-1-

Alissimo is an individual named James R. Huff.

3. Alissimo is a Mexican corporation that was incorporated on October 20, 1999, under the laws of the State of Baja California, United States of Mexico. Alissimo owns a majority interest in a related company called Resinas Laguna, S.A. de C.V. ("Resinas Laguna") Both Alissimo and Resinas Laguna are in the business of manufacturing polyurethane resins for the construction industry in Mexico and sells its products primarily in the United States.

4. Alissimo has approximately 25 employees that work in its facilities located in Baja California, Mexico. The employees are affiliated with a Mexican labor union called SINDICATO DE EMPLEADOS Y TRABAJADORES DE LA INDUSTRIA, EL CAMPO Y EL COMERCIO DEL ESTADO 29 C.R.O.M.

5. In times past, two of Alissimo's major customers were United States companies called FlexTrim California, Inc. and FlexTrim North Carolina, Inc (together "FlexTrim"). For years Alissimo sold and delivered the majority of its manufactured product to FlexTrim warehouses in California and North Carolina.

6. The year 2007 was a very bad year for the business of Alissimo. Because of a major downturn in the construction industry in the United States, demand for our products took a sharp decline. Also, our major client FlexTrim became insolvent and unable to pay us for products that we had already manufactured, sold and delivered to them. As a result, we built up a large account receivable for FlexTrim that still remains unpaid today. In total, FlexTrim California, Inc. owes Alissimo $98,613.91 and FlexTrim North Carolina, Inc. owes $195,064.16.

7. Because of its insolvency, I understand that FlexTrim assigned its assets to a company called CMA Business Credit Services ("CMA") who in turn liquidated FlexTrim's assets to pay off creditors. I also understand that CMA now holds a substantial amount of cash for the benefit of FlexTrim creditors.

8. Around the middle of 2007, I received written notice from CMA stating that Alissimo was entitled to file a proof of claim, formally establish itself as a priority creditor of FlexTrim and permit it to receive payment for the large account receivable balance owed. On July 6, 2007, I submitted two proof of claims to CMA on behalf of Alissimo: one to FlexTrim

California, Inc. in the amount of $98,613.91 and the other to FlexTrim North Carolina, Inc. in the amount of $195,064.16. To this date, Alissimo has not received payment for the above amounts. Attached hereto as Exhibits A and B respectively are true and correct copies of the proof of claim forms that I submitted to CMA.

9. Because of the downturn in business in 2007 and because of the insolvency of our major client FlexTrim, Alissimo has itself become insolvent and cannot pay large sums of money that are owed to its employees. Estado 29, the labor union the represents the interests of the Alissimo employees, has contacted Alissimo about the unpaid wages but the company does not have cash or assets in Mexico to pay the wages. As of October, 2007, Alissimo owes its employees approximately $277,590.00 in back wages and benefits.

10. Around December 13, 2007, I received notice that the Estado 29 labor union filed a petition in a Mexican court in Tijuana claiming unpaid wages. That same day I received notice that the Mexican court issued an order freezing all the assets of Alissimo and giving the employees a priority interest to the payment of back wages.

11. The only major asset of Alissimo that remains today and the only major asset that can satisfy the claims of the Alissimo employees is the large receivable balance owed by FlexTrim.

12. In or around June 2007, I became aware of a divorce proceeding taking place in the San Bernardino Superior Court between Allen Jones and Mary Kay Jones, the owners of FlexTrim.

13. On or after May 22, 2007, I learned that the San Bernardino Superior Court issued an order joining Alissimo in the divorce proceeding and appointing a man by the name of Dennis M. Murphy as a temporary receiver with full power over Alissimo and other entities that may be affiliated with it. It is my understanding that the San Bernardino Superior Court found that either Allen or Mary Kay Jones or both owned an interest in Alissimo.

14. Neither Allen Jones nor Mary Kay Jones was ever a shareholder of Alissimo. The ownership has never changed since the Articles of Incorporation and Bylaws were made in October of 1999.

15. Prior to the San Bernardino Superior Court's order freezing the assets Alissimo, neither I nor Alissimo ever received any notice of any kind that its assets were implicated in the divorce case. Likewise, neither I nor Alissimo ever received any prior notification that a receiver had been appointed to take possession and control of our assets. In fact, the very first time that I learned of the order freezing our assets was when I received a written notification from our bank that our account had been frozen and control given to a receiver. Sometime after that, the receiver arrived and took possession and control of at our U.S. warehouse located in San Ysidro, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of December, 2007 at Tijuana, Baja California, United States of Mexico.

_____
JOSE CORRAL

-4-

DECLARATION OF JOSE CORRAL – REPRESENTATIVE OF ALISSIMO, S.A. DE C.V.