1  Leonard M. Shulman – Bar No. 126349
   Samuel J. Romero – Bar No. 232824
2  **SHULMAN HODGES & BASTIAN LLP**
   26632 Towne Centre Drive, Suite 300
3  Foothill Ranch, California 92610-2808
   Telephone:    (949) 340-3400
4  Facsimile:     (949) 340-3000

5
   Attorneys for Defendant, Credit Managers Association
6  of California, Inc., dba CMA Business Credit Services,
   a California non-profit corporation
7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  **SINDICATO DE EMPLEADOS Y**          ) Case No.  07CV2365
    **TRABAJADORES DE LA INDUSTRIA,**     )
12  **EL CAMPO Y EL COMERCIO DEL**        )
    **ESTADO 29 C.R.O.M., a Mexican labor** )
13  **union, and SINDICATO NUEVA**        )  **DEFENDANTS' OPPOSITION TO**
    **GENERACION DE TRABAJADORES DE**     )  **PLAINTIFFS' EX PARTE**
14  **BAJA CALIFORNIA C.R.O.C., a Mexican** )  **APPLICATION FOR A TEMPORARY**
    **labor union,**                      )  **RESTRAINING ORDER AND**
15                                        )  **PRELIMINARY INJUNCTION**
                  **Plaintiffs**          )
16                                        )
    v.                                    )
17                                        )
    **CREDIT MANAGERS ASSOCIATION**       )
18  **OF CALIFORNIA, INC., dba CMA**      )
    **BUSINESS CREDIT SERVICES,  a**      )
19  **California non-profit corporation,** )
                                          )
20               **Defendants.**          )
                                          )
21                                        )
                                          )
22                                        )

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009 G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

**OPPOSITION TO EX PARTE APPLICATION FOR TRO**

1

## <u>TABLE OF CONTENTS</u>

2   I.     INTRODUCTION ..................................................................................................... 1

3   II.    FACTS ........................................................................................................................ 1

4        A.    The Federal Action. ................................................................................... 1

5        B.    The State Court Proceeding ....................................................................... 2

6   III.   ARGUMENT .............................................................................................................. 5

7        A.    Plaintiffs' Ex Parte Application Must be Denied Because this Court is
8               Without Authority to Enjoin a State Court Proceeding unless Expressly
                 Authorized by Congress. ............................................................................ 5

9        B.    PLAINTIFFS' Compliant does not establish this Court's Jurisdiction. ...... 6

10       C.    Plaintiffs have failed to join the Receiver, an indispensable party. ............ 6

11       D.    Plaintiffs have failed to Apply California State Law Necessary to Establish
12              the Requirement for a Temporary Restraining Order. ................................ 7

13       E.    Plaintiffs had ample notice of the December 21, 2007 motion and an
                 adequate remedy at law in the State Court Action. ................................... 9

14       F.    Abstention Doctrines Support the Court Abstention from this Action. ................. 9

15       G.    The Balance of the Equities supports Denial of the Ex Parte. ............................... 11

16       H.    The Public Interest supports Denial of the Ex Parte. .............................................. 11

17   IV.   CONCLUSION ........................................................................................................ 12

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009\G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

**OPPOSITION TO EX PARTE APPLICATION FOR TRO**

1

# TABLE OF AUTHORITIES

2

## CASES

3 *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093-1094 (9th Cir. 2004)..............6

4 *Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S.Ct. 2206 (1992) ...............10

5 *Arizona Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co.*, 753 F.2d 1512, 1521 (9th Cir. 1985) ............7

6

*Atlantic C. L. R. Co. v Brotherhood of Locomotive Engineers*, 398 US 281 (1970)...........5

7

*Burford v. Sun Oil Co.*, 319 U.S. 315, 334, 63 S.Ct. 1098 .................................10

8

*Chick Kam Choo v Exxon Corp.*, 486 US 140, (1988) ......................................5

9

*Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1034 (9th Cir. 1985) ..................6

10

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ...........................................8

11

*Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 296 (9th Cir. 1996)......10

12

*Goshen Road Envtl. Action v. United States Dep't of Agric.*, 891 F. Supp. 1126, 1132 (E.D.N.C. 1995).................................11

13

14 *In re Republic of Philippines* 309 F.3d 1143, 1153 (9th Cir. 2002) .................7

15 *Lauf v. E.G. Shinner & Co.*, 303 U.S. 323, 327-328 (1938) ..............................8

16 *Lebbos, et al. v. Superior Court*, 883 F.2d 810, 816 (9th Cir. 1989) ................10

17 *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (D. Cal. 1995)........................8

18

*Moore v. Sims*, 442 U.S. 415, 435 (1994) ....................................................10

19

*National Football League Players' Ass'n v. Pro-Football, Inc.*, 849 F. Supp. 1, 2 (D.D.C. 1993)..................................11

20

21 ONBANCorp, Inc. v Holtzman (1997, ND NY) 1997 US Dist LEXIS 9502 ..............5

22 *Our Co. v. Eagle Snacks, Inc.*, 812 F. Supp. 6, 7-8 (D. Me. 1993) ...................9

23 *Tucker v. First Maryland Savings & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991) ........10

24 *Younger v. Harris*, 401 U.S. 37, 49-53 (1971) ................................................10

25

## STATUTES

26

28 USC § 2283 ....................................................................................6

27

28

SHULMAN HODGES & BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-609\G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

**OPPOSITION TO EX PARTE APPLICATION FOR TRO**

1

## OTHER AUTHORITIES

2   1 Schwarzer, J., , Tashima, J., Wagstaffe, Federal Civil Procedure Before Trial,
    2:1291.2, 2E-40 (Rev. #1 TRG 2007) ................................................................11

3

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO.
    BEFORE TRIAL (The Rutter Group 2007) 7:124........................................7

4

5

## RULES

6

Fed. R. Civ. P. 17(a) ................................................................................................6

7

Fed. R. Civ. P. 19...................................................................................................7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009\G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

**OPPOSITION TO EX PARTE APPLICATION FOR TRO**

# I.    INTRODUCTION

Plaintiffs have burdened this Court with a procedurally improper ex parte application for a temporary restraining order.  First, Plainitiff fail to cite, must less establish, any statutory grounds for this Court to restrain a lawful state court proceeding.  Without express statutory grounds to enjoin a state court proceeding, this Court is without authority to enter an order in this action to restrain the underlying state court proceeding.  Second, Plaintiffs have failed to establish that they are the real party in interest or that this Court has jurisdiction to settle the dispute asserted in Plaintiffs' complaint.  Third, Plaintiffs have failed to join or provide notice to an indispensable party, the receiver in the underlying state court proceeding, whose interests in the underlying state court proceeding will be adversely affected by a temporary restraining order.  For these reasons alone, the Court should deny this ex parte application.

Even if the Court were to find this ex parte application were procedurally proper, it should deny this application because (1) Plaintiffs have failed to apply the required California state law necessary to establish the basic requirements for a temporary restraining order - probable success on the merits and irreparable injury; (2) Plaintiffs have an adequate remedy at law but are circumventing the orders in a state court proceeding, without justification; and (3) multiple abstention doctrines, including the Younger and Burford abstention doctrines, guide this court to abstain from exercising jurisdiction in an ongoing state marital dissolution proceeding with important state interests.

This ex part application is without merit and is procedurally improper.   Accordingly, Defendants respectfully request that this application be denied.

# II.    FACTS

## A.    The Federal Action

This action was brought by SINDICATO DE EMPLEADOS Y TRABAJADORES DE LA INDUSTRIA, EL CAMPO Y EL COMERCIO DEL ESTADO 29 C.R.O.M., a Mexican labor union, and SINDICATO NUEVA GENERACION DE TRABAJADORES DE BAJA CALIFORNIA C.R.O.C., a Mexican labor union (collectively "Plaintiffs") against Defendant CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, INC., dba CMA BUSINESS CREDIT SERVICES, a California non-profit corporation ("Defendant") purportedly to recover assets of two

1

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1  Mexican corporations, Alissimo, S.A. de C.V. ("Alissimo") and Resinas Luguna, S.A. de C.V.

2  ("Resinas Laguna") to pay the wages of Plaintiffs' union members (the "Federal Action").

3  Declaration of Roberto Quijano ("Quijano Decl."), ¶ 3-5.    Plaintiffs assert that they, and not

4  Plaintiffs' former employers, are the real party in interest who may assert claims against Defendant

5  pursuant to an order in a Mexican Court identified as the "Junta Local de Conciliacion y Arbitraje de

6  Tijuana" (the "Mexican Action") as set forth in the declaration of Roberto Quijano.  Quijano Decl., ¶

7  3, 4, 9, 10; Plaintiffs' Memorandum, 4:17-27.  Said order, however, is not presented in Plaintiffs'

8  complaint or in the declaration of Mexican Attorney Roberto Quijano.  Quijano Decl., ¶ 12-15,

9  Exhibit "A" – "D"; Complaint.  Rather, Mr. Quijano's declaration states merely that "immediately

10  upon filing of the Mexican Proceeding by Estado 29 and Nueva Generacion, the Mexican Court

11  ordered a temporary freeze of all assets of both Alissimo and Resinas Laguna, wherever located."

12  Quijano, ¶ 9.  Plaintiffs, however, have failed to attach the order as an exhibit or to establish by

13  competent California state law authority (or Mexican authority for that matter) or admissible

14  evidence (aside from an unsupported declaration by Mr. Quijano) that Plaintiffs have present

15  ownership of the assets of Alissimo or Resinas Laguna prior to the adjudication of Plaintiffs' petition

16  in Mexican Court.   Quijano ¶ 14-15, Exhibits "C" and "D" (Plaintiffs exhibits "C" and "D"

17  demonstrate that the petition is pending hearings on December 20th and 26th respectively). Therefore,

18  Defendant is unable to determine whether Plaintiffs have any present rights to Asissimo's or Regina

19  Laguna's assets or are actually the real party interest in the Federal Action.

20  **B.    The State Court Proceeding**

21        The underlying state court proceeding which Plaintiffs seek to enjoin is dissolution of

22  marriage proceeding that was commenced by Allen Jones on April 3, 2002 (the "State Court

23  Action").   Declaration Samuel Romero ("Romero Decl."), ¶ 2, and December 21, 2007 Motion

24  ("Receiver Motion Ex "A""), 3:5.  On April 5, 2007, after five years of proceedings, Mrs. Mary Kay

25  Jones moved for the appointment of a receiver over certain entities in which Mr. Jones had a partial

26  or complete interest.  Romero Decl., ¶ 3, Receiver Motion Ex "A", 3:5-9 .  Among these entities

27  were Flex Trim California, Inc. ("FTC"), Flex Trim North Carolina, Inc. ("FTNC", and collectively

28  with FTC, the "Flex Trim Entities"), and two Mexican corporations, Alissimo, S.A. de C.V.

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

2

1  ("Alissimo") and Resinas Luguna, S.A. de C.V. ("Resinas Laguna").  Romero Decl., ¶ 4, Receiver

2  Motion Ex "A", 3:14-19, 6:21-22.  In conjunction with the motion, Mrs. Jones provided supporting

3  exhibits and declarations, and Mr. Jones provided an opposition and opposing declarations which

4  were considered by the state court.  Romero Decl., ¶ 5, Receiver Motion Ex "A", 3:9-18.  On May

5  11, 2007, the state court appointed Dennis M. Murphy as receiver over the entities over which Mr.

6  Jones had a partial or complete interest as set forth in the minute order attached to the Receiver's

7  December 21, 2007 Motion as Exhibit "B."  Romero, Decl., ¶ 6, Exhibit "B".  On May 22, 2007, the

8  state court signed its written order appointing the Receiver.  Romero Decl., ¶ 7, Exhibit "C".

9  **C.     The Assignment for Benefit of Creditors**

10      Notwithstanding the appointment of the Receiver, Mr. Jones, purporting to act for the Flex

11  Trim Entities, on or about May 21, 2007, assigned the Flex Trim Entities' assets to Defendant and

12  commenced a proceeding referred to as an "Assignment for Benefit of Creditors."  Romero Decl., ¶

13  8, Receiver Motion Ex "A", 3:24-4:4.  Although the timing of this assignment was suspicious to the

14  Receiver as stated in the Receiver's filed documents, the Receiver did not immediately contest the

15  validity of the assignment because the Flex Trim entities were in financial distress.  Romero Decl., ¶

16  9, Receiver Motion Ex "A", 4:9-14.  In any case, the minute order appointing the Receiver over the

17  Flex Trim entities on May 11, 2007 preceded the May 21, 2007 assignment to Defendant of the Flex

18  Trim assets.

19      Given Defendant's mandate to liquidate the Flex Trim entities' assets, Defendant ran an

20  auction process whereby it sold the Flex Trim Entities to the highest bidder.  Romero Decl., ¶ 10,

21  Receiver Motion Ex "A", 4:16-5:12.  On August 24, 2007, the court approved the sale pursuant to an

22  ex parte application brought by the Receiver.  Romero Decl., ¶ 11, Receiver Motion Ex "A", 4:1-5.

23  **D.     The Proposed Agreement Submitted to the State Court**

24      Defendant has been placed in the uncomfortable position between the Receiver and Plaintiffs.

25  Defendant has reached an agreement with the Receiver which adequately protects the interest of

26  multiple parties, including the Plaintiffs, by allowing Defendant to pay administrative, attorney and

27  outside agent fees, priority claims, general unsecured employee claims, and general undisputed

28  claims, and to place the remaining proceeds from the sale of the Flex Trim entities' assets in the

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1  control of the Receiver that was appointed by the state court.  Romero Decl., ¶ 12, Receiver Motion

2  Ex "A", 9:10-10:10.

3  **E.**     **The Agreement to Segregate Funds Pending Further Order of the State Court**

4          Notwithstanding Plaintiffs representations to the contrary, the Receiver is not authorized to

5  spend "the last remaining asset of Alissimo and Resinas Lagunas" to "satisfy the claims of Mary Kay

6  Jones."   Plaintiffs' Memorandum, 5:15-17.   Rather, the Receiver requests authority from the state

7  court in the December 21st calendared Motion for Defendant to distribute to the Receiver any

8  remaining funds which must be held in a **segregated account pending further order of the court**.

9  Romero Decl., ¶ 12, Receiver Motion Ex "A", 12:24-26.  The Receiver has authority only to hold

10  these monies until a further order of the state court is entered.  *Id.*

11  **F.**     **The Plaintiffs and their Employers Have Had Notice and Opportunity to Intervene in**

12          **the State Court Action.**

13          Furthermore, although Plaintiffs assert that shares of Alissimo and Resinas Laguna were

14  never owned by Mr. Jones, said statement provides an entirely distorted picture of the underlying

15  action.   Jose Coral Declaration, ¶ 2, 14.   In truth, the Alissimo and Resinas Laguna's corporate

16  documents provide that Mr. Jones was the sole administrator of both Alissimo and Resinas Laguna

17  with all plenary powers required by Mexican law to administrate the entities, litigate and collect

18  payments for the entities, and to take any necessary acts commensurate with ownership.  Romero

19  Decl., ¶ 12, Exhibit "D", 2-3, Exhibit "E", 4-5.   Given Mr. Jones control over these entities,

20  Plaintiffs' statements purporting to establish that the Alissimo and Resinas Laguna were denied due

21  process by the appointment of the Receiver is disingenuous and misleading.  At all relevant times set

22  forth in the these documents, Mr. Jones has had the ability to intervene for both Alissimo and Resinas

23  Laguna in the underlying action and make a claim for violation of due process.  Romero Decl., ¶ 13,

24  Exhibit "D", 2-3, Exhibit "E", 3-4.   Through Mr. Jones, Alissimo and Resinas Laguna have had

25  notice and an opportunity to object throughout the entire state court proceeding.   In any case,

26  Defendant is informed and believes that the Receiver has not taken actions to shut down Alissimo

27  and Resinas Laguna, nor has it taken possession of Alissimo and Resinas Laguna's warehouse

28  without legal process or frozen their bank accounts.

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

4

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1  **G.    The Plaintiffs Have Been Afforded the Opportunity to Intervene in the State Court**

2  **Action**

3  Finally, both Alissimo and Resinas Laguna have been afforded notice of the December 21,

4  2007 motion and have been given notice and the opportunity to be heard in the state court action.

5  Romero Decl., ¶ 14.  As set forth in the declaration of Joshua J. Richman,  Plaintiffs have a true and

6  correct copy of the Receiver's December 21, 2007 motion and have attached portions of the motion

7  as exhibits to Mr. Richman's declaration.  Joshua J. Richman Declaration, ¶ 2-7.  As set forth in the

8  proof of service to said motion, Mr. Jose Corral and Mr. Francisco Elorza were served a copy of the

9  December 21, 2007 motion by express mail on December 13, 2007.  Romero Decl., ¶ 15, Exhibit

10 "F".    Therefore, Mr. Jose Corral, as shareholder for Alissimo, and Mr. Francisco Elorza, as

11 shareholder for Resinas Laguna, have had notice and opportunity to intervene in the state court

12 proceeding, but have failed to do so.  Declaration of Jose Corral, ¶ 2, Declaration of Francisco

13 Elorza, ¶ 2.

14                              **III.    ARGUMENT**

15 **A.    Plaintiffs' Ex Parte Application Must be Denied Because this Court is Without**

16 **Authority to Enjoin a State Court Proceeding unless Expressly Authorized by Congress**

17         28 USC § 2283 provides in relevant part:

18         A court of the United States may not grant an injunction to stay proceedings in a State

19         court except as expressly authorized by Act of Congress, or where necessary in aid of

20         its jurisdiction, or to protect or effectuate its judgments.

21 Federal courts do not have inherent power to ignore limitations of the Anti-Injunction Act (28 USCS

22 § 2283) by enjoining state court proceedings merely because the state court proceeding interferes

23 with a protected federal right, even when interference is unmistakably clear.  This rule applies

24 regardless of whether federal court itself has jurisdiction over the controversy.  *Atlantic C. L. R. Co. v*

25 *Brotherhood of Locomotive Engineers*, 398 US 281 90; S. Ct. 1739; 26 L. Ed. 2d 234 (1970);  See

26 also *Chick Kam Choo v Exxon Corp.*, 486 US 140, (1988) (criticized in ONBANCorp, Inc. v

27 Holtzman (1997, ND NY) 1997 US Dist LEXIS 9502).  Here, Plaintiffs' papers fail to provide any

28 statutory grounds for this Court to restrain a lawful state court proceeding.  Plaintiffs do not even cite

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

5

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1    to the Anti-Injunction Act nor do they attempt to comply with its express requirements.  In any case,

2    even if Plaintiffs could prove that there was a due process violation in the state court proceeding,

3    which there was not, this Court has no inherent power to restrain the underlying state court

4    proceeding.  Plaintiffs remedy, if any at all, must be adjudicated in the state court action.

5    **B.    Plaintiffs' Compliant Does Not Establish this Court's Jurisdiction**

6         Fed. R. Civ. P. 17(a) requires that "every action shall be prosecuted in the name of the real

7    party in interest."  The determination of the real party in interest in a diversity suit is dependent on

8    whether the party is the "proper party to maintain the action under applicable state law . . . . It is well

9    settled that a federal court exercising diversity jurisdiction must apply substantive state law." *Allstate*

10   *Ins. Co. v. Hughes*, 358 F.3d 1089, 1093-1094 (9th Cir. 2004).  Arguments based on the adequacy of

11   the Court's jurisdiction may be raised in opposition to an application for provisional injunction relief.

12   *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1034 (9th Cir. 1985) *cer denied*, 476 U.S. 1183

13   (1986).  Here, Plaintiffs' complaint and ex parte paper's fail to apply any California case law or

14   statutory authority demonstrating that Plaintiffs' are the real party in interest in this action.  Plaintiffs'

15   claims are based entirely on claims that must be brought, if at all, by Alissimo and Resinas Laguna

16   pursuant to their purported right to the proofs of claim submitted to the Defendant.  Moreover,

17   Plaintiffs' citation to the Mexican court order and opaque references to Mexican law is improper,

18   both procedurally and substantively.  Plaintiffs provide no competent evidence of the Mexican order

19   and do not apply California law to establish that Plaintiffs have acceded to Alissimo's and  Resinas

20   Lagunas claims.  Therefore, this Court is without jurisdiction to adjudicate this claim.

21   **C.    Plaintiffs Have Failed to Join the Receiver, an Indispensable Party**

22        Fed. R. Civ. P. 19 (a) provides in relevant part:

23        [p]erson who is subject to service of process and whose joinder will not deprive the

24        court of subject-matter jurisdiction must be joined as a party if:

25             (A) in that person's absence, the court cannot accord complete relief among

26        existing parties; or

27             (B) that person claims an interest relating to the subject of the action and is so

28        situated that disposing of the action in the person's absence may:

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

6

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1             (i) as a practical matter impair or impede the person's ability to protect the

2    interest; or

3             (ii) leave an existing party subject to a substantial risk of incurring double,

4    multiple, or otherwise inconsistent obligations because of the interest.

5    Likewise, "where a number of persons have an undetermined interest in the same property or fund,

6    each is an **indispensable party** to an action by the other to obtain his or her share of the property or

7    fund. *In re Republic of Philippines* 309 F.3d 1143, 1153 (9th Cir. 2002) (emphasis added); *Arizona*

8    *Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer*

9    *Cartage Co.*, 753 F.2d 1512, 1521 (9th Cir. 1985). Schwarzer, Tashima & Wagstaffe, CAL. PRAC.

10   GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007) 7:124. Here, Plaintiffs assert

11   that the Receiver is seeking to distribute "the last remaining asset of Alissimo and Resinas Lagunas"

12   to "satisfy the claims of Mary Kay Jones." Plaintiffs' Memorandum, 5:15-17. Therefore, the

13   Receiver, pursuant to Plaintiffs own arguments, claims an interest in the subject matter of the action.

14   Therefore, without joining the Receiver, this court will impair and impede the Receiver's ability to

15   protect the interests of the creditors of the Flex Trim Entities in the proceeds from  their sale.

16   Furthermore, because Plaintiffs assert an undetermined interest in the same funds claimed by the

17   Receiver, the Receiver is an indispensable party to this action. Therefore, Plaintiffs' have failed to

18   join an indispensable party or to provide it notice of this proceeding and on that basis the ex parte

19   application should be denied.

20   **D.**   **Plaintiffs have failed to Apply California State Law Necessary to Establish the**

21         **Requirement for a Temporary Restraining Order**

22         "The standard for issuing a temporary restraining order is identical to the standard for issuing

23   a preliminary injunction. In the Ninth Circuit, a district court may issue a preliminary injunction

24   when the moving party demonstrates either (1) a combination of probable success on the merits and

25   the possibility of irreparable injury or (2) the existence of serious questions going to the merits and

26   the balance of hardships tips sharply in its favor. [citation omitted]. These formulations are not

27   different tests but represent two points on a sliding scale in which the degree of irreparable harm

28   increases as the probability of success on the merits decreases." [citation omitted]. However,

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

7

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1    although the degree of irreparable harm may be low if the probability of success on the merits is

2    high, the moving party must in any case 'demonstrate a significant threat of irreparable injury.'

3    [citation omitted] . . . preliminary injunctive relief is not available unless the moving party can

4    demonstrate some "fair chance of success on the merits, or questions serious enough to require

5    litigation." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (D. Cal.

6    1995).

7        Notably, Plaintiffs have failed to establish the basic requirements necessary for a temporary

8    restraining order – probable success on the merits and irreparable injury. Under the *Erie* doctrine, the

9    federal courts must apply the substantive law of the forum state in diversity of citizenship actions.

10   *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78; 58 S. Ct. 817, 821; 82 L. Ed. 1188, 1194 (1938). Thus,

11   in assessing the merits of a request for injunctive relief in a diversity of citizenship action, federal

12   courts usually apply state law. *Lauf v. E.G. Shinner & Co.*, 303 U.S. 323, 327-328; 58 S. Ct. 578,

13   580-81; 82 L. Ed. 872, 875-76 (1938). In this action, Plaintiffs have asserted California state law

14   claims in their complaint for breach of contract, account stated, goods sold and delivered, and

15   equitable relief. Plaintiffs' Memorandum, 6:25-27. Because each of Plaintiffs' claims are based on

16   diversity jurisdiction, Plaintiffs must establish probable success on the merits by applying California

17   state law. However, Plaintiffs' ex parte papers are completely devoid of any proof supporting the

18   amount of Plaintiffs' employer's proof of claim or of any of the required California statutory or case

19   law authority necessary to prove that Plaintiffs will have probable success on the merits in this action.

20   Indeed, rather than properly support the merits of Plaintiffs' purported state law claims, Plaintiffs

21   assert preferential rights pursuant to Mexican law but provide no basis for the application of Mexican

22   law to this proceeding. Quijano Decl., ¶10-11, Supplement Quijano Decl., ¶ 2-3.

23       More importantly, Plaintiffs' own exhibits establish that there will be no irreparable injury to

24   Plaintiffs if the underlying state court proceeding is not enjoined. Specifically, the proposed order

25   that Plaintiffs seek to enjoin requires the Defendant to pay the Receiver all remaining funds held by

26   Defendant, and for the Receiver to segregate these funds pending further order of the state court.

27   Romero Decl., ¶ 12, Receiver Motion Ex "A", 12:24-26. Plaintiffs will have further opportunity

28   beyond December 21, 2007 to intervene in the state court proceeding and to seek an order from the

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1   state court for payments to Plaintiffs in lieu of payments to their employers on their employers'

2   pending claims. Furthermore, Plaintiffs' claims are overstated because Defendant must not only pay

3   all creditors of the Flex Trim Entities pro rata, and but Plaintiffs' wages claims against the Alissimo

4   and Regina Laguna must also be a fraction of the actual claim by Alissimo and Regina Laguna

5   against the Flex Trim Entities. In any case, Plaintiffs have provided no accounting demonstrating

6   that the amount segregated will not be sufficient to cover their claims. Therefore, Plaintiffs have

7   failed to establish an irreparable injury or probable success on the merits and on that basis the ex

8   parte must be denied.

9   **E.**    **Plaintiffs had Ample Notice of the December 21, 2007 Motion and an Adequate**

10        **Remedy at Law in the State Court Action**

11       When a party appears to have alternative legal remedies available to redress its legal

12   grievance, the court may deny the request for a temporary restraining order. *Our Co. v. Eagle*

13   *Snacks, Inc.*, 812 F. Supp. 6, 7-8 (D. Me. 1993). Plaintiffs and their employers have had ample

14   notice (as admitted by the Plaintiffs in the ex parte papers) and ample opportunity to intervene in the

15   state court proceeding and oppose the proposed transfer of funds to the Receiver, but have failed to

16   do so. Rather, Plaintiffs seek to avoid the adequate remedies at law available in the state court

17   proceedings entirely, without justification. Indeed, Mr. Jones has had plenary power to intervene for

18   both Alissimo and Resinas Laguna in the underlying action and make a claim based on the alleged

19   violation of due process. Romero Decl., ¶ 13, Exhibit "D", 2-3, Exhibit "E", 3-4. Even if the

20   December 21, 2007 were granted, the Receiver is not authorized to spend "the last remaining asset of

21   Alissimo and Resinas Lagunas" to "satisfy the claims of Mary Kay Jones." Plaintiffs'

22   Memorandum, 5:15-17. Instead, the Receiver must hold the remaining funds in a **segregated**

23   **account pending further order of the court**. Plaintiffs have an adequate remedy at law in the state

24   court proceeding because they can still intervene in the state court proceeding to seek an order from

25   the state court for further payments to Plaintiffs.

26   **F.**    **Abstention Doctrines Support the Court Abstention from this Action**

27       Finally, a panoply of abstention doctrines suggest that this Court should abstain from this

28   proceeding entirely. Specifically, under the "Younger abstention" doctrine, Courts properly abstain

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

9

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1   from exercising jurisdiction whenever federal claims could be presented in an ongoing state court

2   proceeding that concerns important state interests.   *Younger v. Harris*, 401 U.S. 37, 49-53; 91 S. Ct.

3   746, 753-7; 27 L. Ed. 2d 669, 673-7 (1971).  The adjudication of family law disputes is a recognized

4   "important state interest" within the meaning of the Younger abstention doctrine.  See e.g., *Moore v.*

5   *Sims*, 442 U.S. 415, 435; 99 S. Ct. 2371, 2383; 60 L. Ed. 2d 994, 1010 (1994).  See also 1 Schwarzer,

6   J., , Tashima, J., Wagstaffe, Federal Civil Procedure Before Trial, 2:1291.2, 2E-40 (Rev. #1 TRG

7   2007).  Likewise, the Ninth Circuit has specifically protected the interests of a receiver appointed to

8   effectuate a court ordered mandate from injunctive relief.   *Lebbos, et al. v. Superior Court*, 883 F.2d

9   810, 816 (9th Cir. 1989) (District Court properly abstained from considering whether receiver's

10  injunctive and declaratory relief claims were proper because appellants could have challenged, in the

11  state court, the constitutionality of the statutes on which they were predicated).

12         Here, the State of California has important state interests in the dissolution of the Jones

13  marriage.  Moreover, the Receiver was appointed by the State Court prior to the assignment for the

14  benefit of creditors.  Therefore, it is proper for the federal court to abstain from interfering in a matter

15  of important state interest.

16         Finally, another ground for abstention is recognized where a case presents an issue which

17  clearly involves of state law policy subject to adequate state court review.  See *Burford v. Sun Oil*

18  *Co.*, 319 U.S. 315, 334, 63 S.Ct. 1098 (1943); *Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d

19  290, 296 (9th Cir. 1996).  Burford abstention has been invoked where a federal case depends on a

20  determination of a domestic relationship, such as dissolution of marriage.  See *Ankenbrandt v.*

21  *Richards*, 504 U.S. 689, 704, 112 S.Ct. 2206 (1992).

22         Elaborating on the circumstances justifying the application of "Burford abstention" doctrine,

23  the Ninth Circuit required the consideration of the following standard: (1) whether the state has

24  concentrated suits involving the local issue in a particular court; (2) whether the federal issues

25  presented cannot be easily separated from the complicated state law issues with which the state

26  courts may have special competence; and (3) whether federal review might disrupt state efforts to

27  establish a coherent policy.  *Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d at 296; *Tucker v. First*

28  *Maryland Savings & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991).

10

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1    As plainly evidenced by the order appointing the Receiver, the underlying state court
2    proceeding has been ongoing for five years, and involves control over multiple business entities
3    which the state court concentrated in one proceeding by appointing the Receiver. Here, federal
4    review may disrupt the state court's efforts to establish a coherent policy in this marital dissolution.
5    Therefore, this Court has sufficient grounds to deny this ex parte application, based on comity and
6    the above abstention doctrines.

7    **G.    The Balance of the Equities Supports Denial of the Ex Parte**

8    In assessing whether to grant a request for a temporary restraining order, a court must also
9    consider the balance of the hardships between the parties. If the harm faced by the non-movant
10   would be greater if no action is taken, that determination will weigh against granting a temporary
11   restraining order. *National Football League Players' Ass'n v. Pro-Football, Inc.*, 849 F. Supp. 1, 2
12   (D.D.C. 1993) (court denied temporary restraining order requesting suspension of non-dues-paying
13   union members because loss to football league and public would outweigh harm to union). Here,
14   notwithstanding Plaintiffs' unsupported accounting, if the ex parte is denied, funds necessary for
15   payments to Plaintiffs will be segregated and Plaintiffs may assert their claims in the state court
16   action. In contrast, if the ex parte is granted, Defendants will accrue additional costs to administer
17   the funds, further interfere with the court appointed receiver, and be prevented from timely issuing
18   payment to priority creditors and employees with undisputed claims.

19   **H.    The Public Interest Supports Denial of the Ex Parte**

20   In deciding upon a request for a temporary restraining order, the court must also consider the
21   effect of its ruling on the public interest. Where the public interest will suffer, the Court may deny an
22   temporary restraining order. *Goshen Road Envtl. Action v. United States Dep't of Agric.*, 891 F.
23   Supp. 1126, 1132 (E.D.N.C. 1995). Here, Plaintiffs seek to prevent the pay out of monies due on
24   priority claims, California employee wage claims, and undisputed unsecured claims. If this TRO is
25   granted, Defendant will be prevented from issuing payouts to employees concurrent with the holiday
26   season.

27   ///

28   ///

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1

IV.    **CONCLUSION**

2

Based on the above, Defendants respectfully request that this court deny this ex parte

3

application.

4

**SHULMAN HODGES & BASTIAN LLP**

5

6

Dated: December 20, 2007

7

By: Leonard M. Shulman

8

Samuel J. Romero

9

Attorneys for Defendant, Credit Managers
Association of California, Inc., dba CMA
Business Credit Services, a California non-profit

10

corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3    I am employed in the City of Foothill Ranch, County of Orange, State of California. I am over
     the age of 18 years and not a party to the within action. My business address is 26632 Towne
4    Centre Drive, Suite 300, Foothill Ranch, California 92610. On December 20, 2007, I served the
     documents named below on the parties in this Action as follows:

5

6    DOCUMENT(S)   SERVED:    **DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX
                              PARTE APPLICATION FOR A TEMPORARY
7                             RESTRAINING ORDER AND PRELIMINARY
                              INJUNCTION**

8    SERVED UPON:            **Counsel for Plaintiffs**
                             Guillermo Marrero
9                            Joshua J. Richman
                             1350 Columbia Street, Suite 500
10                           San Diego, CA 92101
                             Telephone: (619) 515-1408
11                           Facsimile: (619) 515-1481
                             E-mail:    gmarrero@ipglaw.com
12                                      jrichman@ipglaw.com

13   [ ]  **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
          transmission and the transmission was reported as completed and without error. Pursuant
14        to C.R.C. 2009(i), I either caused, or had someone cause, the transmitting machine to
          properly transmit the attached documents to the facsimile numbers shown on the service
15        list.

16   [ ]  **(BY OVERNIGHT DELIVERY)** I am readily familiar with the practice of Shulman
          Hodges & Bastian LLP for collection and processing of documents for overnight delivery
17        and know that the document(s) described herein will be deposited in a box or other
          facility regularly maintained by Federal Express or Overnite Express for overnight
18        delivery or by Express Mail via the United States Postal Service.

19   [X]  **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an
          agreement of the parties to accept service by e-mail or electronic transmission, I caused
20        the document(s) to be sent to the persons at the e-mail addresses as listed above and/or on
          the attached Service List. I did not receive, within a reasonable time after the
21        transmission, any electronic message or other indication that the transmission was
          unsuccessful.

22   [ ]  **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized
          by ASAP Corporate Services, Inc. to receive documents to be delivered on the same date.
23        A proof of service signed by the authorized courier shall be filed upon receipt from
          ASAP Corporate Services, Inc.
24

25   [X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
          court, at whose direction this service was made. I declare under penalty of perjury that
26        the foregoing is true and correct.

27   Executed on December 20, 2007, at Foothill Ranch, California.

28
                                                    Jackie Rodriguez

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610
                                          13
     2194-009 \G:\Wp\Cases\C-D\CMA\FlexTrim\San Diego Union Action\Opp_Ex_Parte_TRO_Final.doc