GUILLERMO MARRERO (Bar No. 099056)
JOSHUA J. RICHMAN (Bar No. 243147)
**INTERNATIONAL PRACTICE GROUP**
A Professional Corporation
1350 Columbia Street, Suite 500
San Diego, California 92101
Tel (619) 515-1480
Fax (619) 515-1481
gmarrero@ipglaw.com
jrichman@ipglaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINDICATO DE EMPLEADOS Y TRABAJADORES DE LA INDUSTRIA, EL CAMPO Y EL COMERCIO DEL ESTADO 29 C.R.O.M., a Mexican labor union, and SINDICATO NUEVA GENERACION DE TRABAJADORES DE BAJA CALIFORNIA C.R.O.C., a Mexican labor union;<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT MANAGERS ASSOCIATION OF CALIFORNIA, INC., dba CMA BUSINESS CREDIT SERVICES, a California non-profit corporation,<br><br>Defendant. | Case No. 07CV2365<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiffs SINDICATO DE EMPLEADOS Y TRABAJADORES DE LA INDUSTRIA, EL CAMPO Y EL COMERCIO DEL ESTADO 29 C.R.O.M., a Mexican labor union ("ESTADO 29"), and SINDICATO NUEVA GENERACION DE TRABAJADORES DE BAJA CALIFORNIA C.R.O.C., a Mexican labor union ("NUEVA GENERACION"), respectfully submit this Reply to Defendant's Opposition to their Motion for a Temporary Restraining Order and Preliminary Injunction.

# I.

# ARGUMENT

## I. DEFENDANT MISCHARACTERIZES THE NATURE OF PLAINTIFFS' MOTION.

Defendant states repeatedly in its Opposition that Plaintiffs seek to enjoin a state marital dissolution proceeding. Such a notion exists <u>nowhere</u> in Plaintiffs' moving papers and, in fact, avoids the simple purpose of Plaintiffs' motion: to <u>enjoin Defendant CMA</u> from paying out funds that the Plaintiffs claim entitlement to.

Plaintiffs do not intend to interfere with the *Jones v. Jones* divorce proceeding and are not seeking an order to prevent that state court from taking action. Defendant CMA is not and has never been a party to the *Jones v. Jones* divorce proceeding and was not joined into that lawsuit by that court's May 22 Order. Rather, CMA is simply acting as an assignee for the benefit of the FlexTrim creditors, (who have priority rights to repayment before either Allen or Mary Kay Jones) and has the obligation under the General Assignment agreement to pay those creditors in full before distributing money to the shareholders of those entitles.

## II. DEFENDANT'S OPPOSITION LITIGATES THE ULTIMATE FACTS IN THIS CASE AND DOES NOT ADDRESS WHY A TRO SHOULD NOT ISSUE

A party has a right to a temporary restraining order under the Federal Rules of Civil Procedure when it can establish that it will probably succeed on the merits and that there is a mere possibility of irreparable harm <u>or</u> that serious questions are raised and the balance of hardships lean in its favor. <u>Arcamuzi v. Continental Airlines</u>, 819 F.2d 935, 938 (9th Cir. 1987) Defendant's Opposition evades this clear standard and begins litigating the merits of the case.

Accompanying Defendant's Opposition is the Declaration of CMA's California attorney Samuel J. Romero. Mr. Romero's declaration lacks foundation because he does not have the requisite expertise to opine as to the legitimacy or content of the Mexican incorporation documents of Alissimo or Resinas Laguna. He is a not a Mexican lawyer. Further, Mr. Romero improperly opines as to the "powers" that Mr. Jones may or may not have in the Mexican companies. There remains no evidence that Mr. Jones has or ever had any ownership interest in

1  either Alissimo or Resinas Laguna.

## II.

## CONCLUSION

Plaintiffs seek nothing more than to maintain the status quo pending a formal hearing for a preliminary injunction where all parties can present evidence and properly brief the issues. A review of the limited record from *Jones v. Jones* suggests that, at a minimum, due process was compromised for the sake of expediency. By having this motion heard in the federal court, Plaintiffs simply seek the opportunity for all parties to be heard in a fair and impartial manner consistent with our notions of due process and fundamental fairness.

An order restraining CMA from paying out funds until a preliminary injunction hearing can be heard will not burden CMA or cause them to suffer any prejudice. On the other hand, if a TRO is not granted, Plaintiffs risk losing their only remedy.

December 20, 2007

Respectfully submitted,

INTERNATIONAL PRACTICE GROUP, PC
BY

*/s/ Joshua Richman*

GUILLERMO MARRERO
JOSHUA RICHMAN
ATTORNEYS FOR PLAINTIFFS